IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALLEN BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-022 |
| | ) | |
| EDWARD PHILBIN, Warden; | ) | |
| VERA HARDEN, Deputy Warden of | ) | |
| Administration; and ERICA JENKINS, | ) | |
| ASMP Business Office Secretary, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   Screening the Complaint**

   **A.   Background**

Plaintiff names the following Defendants at ASMP: (1) Edward Philbin, Warden; (2) Vera Harden, Deputy Warden of Administration; and (3) Erica Jenkins, Business Office Secretary. (See doc. no. 1, pp. 1-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 13, 2021, the Internal Revenue Service (IRS) informed Plaintiff a $1,400 "refund payment" had been deposited in his J-Pay Inmate Trust Fund Account. (Id. at 5, 7.) Defendant Jenkins then "pocketed" the $1,400. (Id. at 5.) Thus, Plaintiff was unable to use the funds to obtain transcripts and legal supplies to pursue state post-conviction relief, and he was unable to spend money on "life necessities" for his family and friends. (Id. at 7.) Plaintiff filed a grievance about Defendants Philbin and Harden illegally withholding his federal stimulus check, but Plaintiff's $1,400 was not returned to him. (Id. at 14-18.) Because Defendants Philbin, Harden, and Jenkins have illegally withheld his $1,400 IRS payment, Plaintiff has suffered mental anguish. (Id. at 6.) As relief, Plaintiff seeks the return of his $1,400 and $15,000 for each day he has been deprived of his IRS money. (Id. at 6.)

### B. Discussion

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Loss of Personal Property

Plaintiff's claims against Defendants Philbin, Harden, and Jenkins regarding the loss of money from his trust account fail to state a federal claim for relief.  The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations

3

that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 798-99 (Ga. Ct. App. 1991) (explaining O.C.G.A. § 51-10-1 applied to claim by prisoner that warden had improperly frozen and deprived prisoner use of funds in inmate trust account). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against any Defendant for the loss of personal property in the form of money in his trust account.

**II.     Conclusion**

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** and **CLOSED** because Plaintiff fails to state a claim upon which relief can be granted.

SO REPORTED and RECOMMENDED this 26th day of June, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA